## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SCHAWN HELM                          :
                                     :
                                     :
    v.                               :    Civil No. CCB-08-3435
                                     :    Crim. No. CCB-07-0238
                                     :
UNITED STATES OF AMERICA             :
                                     :
                                     :

## MEMORANDUM

Now pending before the court is Schawn Helm's motion to vacate, set aside, or correct

his sentence under 28 U.S.C. § 2255. Mr. Helm alleges that the trial court committed various

errors in accepting his guilty plea and at sentencing and that his counsel's representation was

constitutionally deficient. For the following reasons, the petitioner's motion will be denied.

## BACKGROUND

On September 19, 2007, Mr. Helm was charged, through a superseding indictment, with

six counts, including conspiracy to distribute and possess with intent to distribute cocaine base in

violation of 21 U.S.C. § 846.[1] Based on the superseding indictment and his criminal history, Mr.

Helm was facing the possibility of life imprisonment if convicted on all charges. On October 3,

2007, Mr. Helm, who was represented by Assistant Federal Public Defender Jeffrey Risberg,

pled guilty to the conspiracy charge (Count I) of the superseding indictment. On December 20,

2007, the court sentenced Mr. Helm to 262 months imprisonment, with the sentence to run

concurrently with any state sentence already imposed. Mr. Helm did not appeal his conviction or

---

[1] The other charges included two counts of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a);
possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); possession of a firearm in furtherance of drug
trafficking, 18 U.S.C. § 924(c); and discharge of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c).

sentence.

On December 22, 2008, Mr. Helm filed a motion to vacate his sentence under 28 U.S.C. § 2255. The government concedes that Mr. Helm's motion is timely, but has opposed the motion on other grounds.

## STANDARD OF REVIEW

To state a claim for relief under 28 U.S.C. § 2255, a defendant must prove that one of the following occurred: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) the "court was without jurisdiction to impose such a sentence"; or (3) the "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice therefore to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id.* § 2255(b). If the prisoner succeeds in making that showing, "the court shall [1] vacate and set the judgment aside and shall discharge the prisoner or [2] resentence him or [3] grant a new trial or [4] correct the sentence as may appear appropriate." *Id.* § 2255(b).

## ANALYSIS

A.      **Trial Court Error Claims**

Mr. Helm alleges that the trial court committed error in a number of ways. Mr. Helm alleges: (1) that there was no factual basis to support his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine base; (2) that the trial court erred in finding him competent to plead guilty because he was taking medication; and (3) that the trial court erred in

sentencing him as a career offender. These claims are barred by procedural default. A sentence may be challenged through a § 2255 motion based on errors that could have been, but were not, pursued on direct appeal in two narrow circumstances: (1) if the petitioner can show cause and actual prejudice resulting from the errors of which he complains; or (2) if the petitioner can demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). Mr. Helm did not pursue a direct appeal of either his guilty plea or sentencing, and neither exception to the waiver of his claims applies.

Moreover, there is no evidence that the court committed any error in accepting Mr. Helm's guilty plea. During the court's Rule 11 colloquy, Mr. Helm knowingly and voluntarily admitted to "selling crack cocaine with other people." (Rearraignment Tr. 14:7-23.) He also signed an acknowledgment that he had "reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it." (Plea Agreement at 7.) The Factual Stipulation stated, "From October 2006 up to and including April 2007, the Defendant participated with others in the sale and distribution of crack cocaine." (*Id.* at 3.) Thus, there was a sufficient factual basis for his claim. There also is no indication from the Rule 11 colloquy that Mr. Helm did not understand his rights or the charges against him because he was under the influence of medication. When a district court is informed that a defendant is under the influence of medication, the court has a duty to make further inquiry into the defendant's competence to plead guilty. *See United States v. Damon*, 191 F.3d 561, 564 (4th Cir. 1999). The court asked Mr. Helm the following questions during the Rule 11 colloquy:

> THE COURT: Mr. Helm, what I need to do is ask you a series of questions to make sure that this is a valid guilty plea, that you know what you're doing. At any point if you don't understand any of my questions or for any reason you would like a chance to talk to

|                 | your attorney, just let me know. All right?                                                        |
|-----------------|----------------------------------------------------------------------------------------------------|
| THE DEFENDANT:  | Yes, ma'm.                                                                                          |

. . . .

| THE COURT:      | Sir, in the past 24 hours have you taken any drugs or alcohol or medication of any kind?            |
|-----------------|----------------------------------------------------------------------------------------------------|
| THE DEFENDANT:  | My own medication that I'm supposed to take.                                                        |
| THE COURT:      | Okay. That's prescribed for you?                                                                    |
| THE DEFENDANT:  | Yes, ma'am.                                                                                         |
| THE COURT:      | All right. Are you having any difficulty understanding what's going on here today?                  |
| THE DEFENDANT:  | No, ma'am.                                                                                          |

(Rearraignment Tr. 3:15-21; 4:12-20.) Because the court specifically asked Mr. Helm whether he was taking medication and, if so, whether the medication impaired his ability to understand the proceedings, the court did not err in finding him competent. *See Damon*, 191 F.3d at 565 (finding error only where the court did not ask whether the defendant's medication affected his ability to understand the consequences of a guilty plea).[2] Nor did Mr. Helm at any point indicate he was having difficulty understanding the court's questions.

Finally, no error regarding Mr. Helm's career offender status has been shown. Accordingly, these claims are foreclosed from review.

**B.     Ineffective Assistance of Counsel Claims**

Mr. Helms raises numerous allegations of ineffective assistance of counsel claims against his trial counsel, Jeffrey Risberg. He alleges that Mr. Risberg failed to properly counsel him

---

[2] The positive effect of the medication on Mr. Helm also was noted by his attorney at sentencing, as is discussed *infra* pp. 6-7.

regarding his guilty plea and failed to challenge his career offender status at sentencing. Ineffective assistance claims are reviewed under a two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, it must be shown that the counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *Id.* at 687. Representation is deficient if it falls below "an objective standard of reasonableness," i.e., was not "within the range of competence demanded of attorneys in criminal cases." *Id.* at 687-88. The standard for assessing such competence is "highly deferential" and is founded on a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prevail, a petitioner must overcome the presumption that the challenged action might be considered "sound trial strategy," *id.*, and must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. An attorney's acts or omissions are "reviewed individually"; acts or omissions "that are not unconstitutional individually cannot be added together to create a constitutional violation." *Fisher v. Angelone*, 163 F.3d 835, 852-53 (4th Cir. 1998).

To prevail on the prejudice prong, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When a petitioner alleges ineffective assistance of counsel following the entry of a guilty plea, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This is an

objective inquiry, and dependent on the likely outcome of a trial had the defendant not pleaded guilty. *Hill*, 474 U.S. at 59-60. A determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted even had the attorney's performance been deficient. *Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

**1.      Ineffective assistance claims bearing on the voluntariness of the guilty plea**

Because Mr. Helm pleaded guilty and he does not challenge the jurisdiction of the court's "power to enter the conviction or impose the sentence," the scope of this court's review is "confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989); *see also Tollett v. Henderson*, 411 U.S. 258, 266 (1973) ("The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity."). Mr. Helm argues that his counsel's representation was deficient, and therefore his plea was not "counseled and voluntary," *Broce*, 488 U.S. at 569, for the following reasons.

*a.   Failure to request a mental health evaluation*

Mr. Helm argues that his representation was deficient because his counsel failed to request a mental health evaluation to determine if he was competent to enter a knowing and voluntary guilty plea. This claim fails the performance prong of the *Strickland* test. Although Mr. Helm has a history of mental health issues, there is nothing on the record to suggest that these

issues or his prescribed medication rendered him unable to understand the consequences of entering a guilty plea. In fact, the record demonstrates the opposite. Mr. Risberg made the following representation to the court at Mr. Helm's sentencing:

> Mr. Helm has been exceedingly rational and lucid about this case since I met him in June. And I think the only reason for that, Your Honor, is because he has been consistently on his prescribed medications during that period of time.
>
> And that is when I met him in late June. He had been in state custody for almost a month at that time. He'd been taking his medication.
>
> And I think there's no question that medication and therapy are required for Mr. Helm to be able to live a non chaotic life.

(Sentencing Tr. 12:22-13:7.)

Moreover, at his rearraignment, Mr. Helm acknowledged that he was taking prescribed medication and that the medication did not inhibit his ability to understand the court or the nature of his guilty plea. (*See* Rearraignment Tr. 4:12-20.) Mr. Helm also acknowledged during the Rule 11 colloquy that he was satisfied with Mr. Risberg's representation of him in his case and that Mr. Risberg did everything that the petitioner asked of him. (*Id.* at 12:20-25.) Given the petitioner's own representations about his ability to understand his guilty plea and Mr. Risberg's own interactions with the defendant, Mr. Risberg's decision not to request a mental health evaluation was reasonable. Accordingly, this claim must be dismissed

> b. *Failure to ensure his full knowledge of the elements of the offense to which he was pleading guilty*

Mr. Helm also argues that his representation was constitutionally deficient because Mr. Risberg failed to ensure that he fully understood the elements of the conspiracy charge to which he pleaded guilty. Mr. Helm alleges that after Mr. Risberg presented him with the government's plea agreement offer and explained to him the nature of the conspiracy charge to which he would

have to plead guilty, the petitioner "did not have any time to consult with family or a second opinion, receive additional information on what constitute[d] a conspiracy other than what his attorney explained," that he was "overwhelmed by thoughts of his children," and that he "ended-up signing the contract after a 30 minute discuss[ion] with counsel about what constitutes conspiracy." (Pet'r's Reply at 13.)

"[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotations marks omitted). "[A] district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict sworn statements." *Id.* at 222. Mr. Helm acknowledged during the Rule 11 colloquy that he understood the elements of the conspiracy charge to which he was pleading guilty. The court engaged in the following exchange with the petitioner:

| THE COURT: | Okay. The charge that you are pleading guilty to is a conspiracy. Do you understand if the case went to trial on this charge, Count 1, there are several things the government would have to prove beyond a reasonable doubt? |
| | |
| | They would have to prove that from approximately August 2006 through approximately January 2007, here in Maryland, there was a conspiracy, which is simply an unlawful agreement between two or more people, that the object of that conspiracy was to distribute or possess with intent to distribute -- and that just means sell, give away, transfer -- 50 grams or more of a substance containing cocaine base, crack. |
| | |
| | They would have to prove most importantly as well that you knowingly, willfully, voluntarily – it wasn't an accident. It wasn't a mistake – you became a member of that conspiracy. You wanted to help it succeed. You shared the objectives, the purpose of that conspiracy to distribute, |

> and possess with intent to distribute 50 grams or more of cocaine base.
>
> Do you understand that's what the government would have to prove if the case went to trial?
>
> THE DEFENDANT: Yes, ma'am.

(Rearraignment Tr. 4:21-5:18.) The plea agreement also included the following description of the elements of the conspiracy charge to which Mr. Helm agreed to plead guilty:

> The elements of the offense to which the Defendant has agreed to plead guilty . . . are as follows: 1) during the dates alleged in the Indictment, the Defendant did knowingly and willfully conspire and agree with others to distribute and possess with intent to distribute fifty grams or more of cocaine base, and 2) the Defendant knowingly and willfully became a member of the conspiracy.

(Plea Agreement at 1.) Mr. Helm signed this plea agreement with the acknowledgment, "I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it." (*Id.* at 7.) Because Mr. Helm acknowledged both on the record during his Rule 11 colloquy and in his signed plea agreement that he understood the elements to the conspiracy charge to which he pleaded guilty, this ineffective assistance of counsel claim must fail.

### 2. Post-plea ineffective assistance of counsel claims

Mr. Helm also argues that his counsel's performance was constitutionally deficient subsequent to his guilty plea. Mr. Helm argues that his counsel's performance at sentencing was deficient for the following reasons:

#### a. *Failure to seek a lower sentence based on Mr. Helm's harsh upbringing*

Mr. Helm first argues that his counsel's representation at sentencing was deficient because he failed to seek a lower sentence based on the petitioner's harsh upbringing as a child. This claim fails both prongs of the *Strickland* test. First, Mr. Risberg did seek a lower sentence

based on Mr. Helm's struggle with mental health issues since childhood. Mr. Risberg made the

following argument to the court:

> Your Honor, Mr. Helm is an intelligent, articulate man. And as the Court sees from his presentence report, he has a long history of mental health issues, and in fact unfortunately a family both his family of origin and his wife also experience quite serious mental health issues.
>
> He also has a long history of heavy marijuana use, and I would ask the Court to consider as in deciding how to punish him both his drug use and his bipolar disorder, because I think those two things have a whole lot to do with where he finds himself today.

(Sentencing Tr. 11:17-12:1.) In fact, the court specifically noted Mr. Helm's lifelong struggle

with mental health issues as a reason for sentencing him to the lower end of the guidelines. (*See*

*id.* at 24:8-10, 19-23.)

Moreover, the evidence on the record demonstrates that Mr. Helm's difficult upbringing

was brought to the attention of the court. The Presentence Report reviewed by the court prior to

Mr. Helm's sentencing contained a detailed account of Mr. Helm's troubled childhood. (*See*

Presentence Report ¶¶ 55-57, 60-61.) Mr. Helm also raised the issue of his childhood and the

circumstances of his upbringing on his own at sentencing. Mr. Helm explained to the court, "I

left my mom's house when I was 14 years old, and I had no where else to go to. I lived in the

streets, and I refuse to live in the streets again." (Sentencing Tr. 18:6-8.) He also explained that

"from 12 years old, to 19 years old, I was in and out of mental institutions. After 19 years old,

I've been in and out of jail. So jail is my mental health institution, to help me with my mental

health issues, I guess." (*Id.* at 20:3-7.)

Second, even if Mr. Helm could demonstrate that Mr. Risberg's performance in arguing

for a lower sentence was deficient because he highlighted only the petitioner's struggle with

mental health issues, Mr. Helm cannot show prejudice. The court sentenced Mr. Helm to 262

months imprisonment, which was at the lower end of the guideline range for his offense and criminal history category. (*See* Sentencing Tr. 26:12-21.) In sentencing Mr. Helm to the lower end of the guideline, however, the court noted that a lengthy period of incarceration was required due to the serious nature of the offense to which he was pleading guilty, his "lengthy and consistent criminal history," and his use of a gun while engaging in drug dealing. (*See id.* at 23:10-24:18.) No lower sentence would have been likely even if Mr. Risberg had raised additional details of the petitioner's troubled childhood.[3] Further, the court did include in its sentence, as Mr. Helm requested, (*see id.* at 22:11-17), a recommendation that he receive mental health treatment in the Bureau of Prisons and also on supervised release. (*Id.* at 24:24-25:13.) Accordingly, this claim must be dismissed.

> ### b. Failure to object to errors in the Presentence Report

Mr. Helm also argues that his counsel's performance was constitutionally deficient at sentencing for failing to challenge alleged errors in the Presentence Report ("PSR"). Mr. Helm specifically argues that a number of his state felony arrests were disposed of by "nolle prosequi" and that Mr. Risberg failed to challenge the inclusion of these charges in the PSR. A review of the PSR shows that it included eleven previous convictions in state court for which Mr. Helm was either sentenced to a period of incarceration, probation, or was required to pay a fine. (*See* Presentence Report ¶¶ 27-37.) Other criminal conduct was listed in the PSR, ¶¶ 43-46, but not counted for criminal history purposes or otherwise considered in connection with sentencing. Thus, Mr. Helm cannot demonstrate that Mr. Risberg's failure to object to the PSR amounted to deficient performance.

Moreover, even if the PSR included incorrect information about his criminal history, Mr.

---

[3] Notably, the government requested a sentence in the middle of the range. (*See* Sentencing Tr. at 6:23-25.)

Helm acknowledged his extensive criminal history as part of his plea agreement. He agreed to the following stipulation in his plea agreement: "This Office and the Defendant agree that the Defendant is a Career Offender based on any two of the following convictions: 1) Attempted Assault First Degree (1994); 2) Assault Third Degree (2004); 3) CDS Distribution (1996); 4) CDS PWID (1994); and 5) Assault First Degree w/ Weapon (1993)." (Plea Agreement at 4.) Given Mr. Helm's acknowledged criminal history, any errors that might have appeared in the PSR were harmless. This claim will therefore be dismissed.

## C.    Certificate of Appealability

A prisoner seeking a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. § 2253(c)(1)(B). An appeal may only be taken from a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability." *Id.*; *see also* Local Rule of the Fourth Circuit 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or district judge issues a certificate of appealability under 28 U.S.C. § 2243(c)."). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make the necessary showing, a petitioner's burden depends on whether constitutional claims were rejected on the merits or on procedural grounds. If they were rejected on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If

the claims were rejected "on procedural grounds . . . without reaching the prisoner's underlying constitutional claim," the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473 (2000).

The court will not issue a certificate of appealability because Mr. Helm has not made the requisite showing.[4]

## **CONCLUSION**

For the forgoing reasons, Mr. Helm's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 will be denied.

August 8, 2011
Date

/s/
Catherine C. Blake
United States District Judge

---

[4] The petitioner may still request a certificate of appealability from the Fourth Circuit.