IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * |
|---|---|
| v. | * Criminal No. CCB-07-0238 |
| SCHAWN HELM | * |

*******

## **MEMORANDUM AND ORDER**

Now pending is the motion by Schawn Helm for a reduced sentence under Section 404 of the First Step Act of 2018 ("FSA"). For the reasons that follow, the motion will be granted in part and the sentence will be reduced from 262 to 235 months.

Helm pled guilty in October 2007 to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine. At that time, his quantity-based guideline range was from 235 to 293 months, and his career offender guideline range was from 262 to 327 months. Helm was sentenced to 262 months of incarceration, followed by 5 years of supervised release. ECF No. 23. Today, both his quantity-based and career offender guideline range (at 31/VI) is from 188 to 235 months.

Contrary to the government's argument, I find Helm eligible for re-sentencing under the FSA. *See United States v. Wirsing*, No. 19-6381, --- F.3d ----, 2019 WL 6139017, at *9 (4th Cir. Nov. 20, 2019). Eligibility for reduction of sentence does not mandate reduction, however. The court should consider the factors under 18 U.S.C. § 3553(a). Here, the government argues against any reduction, and the defendant asks for a reduction to 188 months. I agree that some reduction is warranted, but not to the extent sought by the defense.

First, the nature and circumstances of the offense are quite serious, given the quantity of drugs involved (between 500 grams and 1.5 kilograms) and the fact a firearm was involved. Second, Helm has a lengthy criminal history (Category VI), including assaults and resisting arrest

1

in addition to drug offenses. Third, his post-offense conduct is mixed. On the one hand, it appears he has taken advantage of multiple programs within the BOP and has attempted to make realistic re-entry plans. On the other hand, he has a number of disciplinary infractions, some as recent as 2017, which involve assaults or fighting. It appears there is still some need for deterrence as to Helm and protection of the public.

Balancing all those factors in light of the statute's purpose of lessening the disparity between past sentences in crack cocaine and powder cocaine offenses, I conclude that Helm's sentence should not be higher than the current guideline range, and that a sentence of 235 months is sufficient without being greater than necessary to serve the purposes of sentencing. Considering the issues presented by Helm's eventual re-entry into the community, and the need for support that Helm himself recognizes, the five-year term of supervised release will not be reduced.

Accordingly, the motion (ECF No. 48) is **GRANTED**, to the extent that the sentence will be reduced to 235 months. An amended J&C will be issued.

So Ordered this 21st day of November 2019.

_____
Catherine C. Blake
United States District Judge