IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-07-238 |
| | * | |
| SCHAWN HELM | * | |

**********

## MEMORANDUM

Schawn Helm is a federal prisoner who is serving a two-hundred-and-thirty-five-month sentence for conspiracy to distribute and possess with the intent to distribute cocaine base. (ECF 56, Amended Judgment). Now pending is Helm's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on his particular vulnerability to COVID-19. (ECF 57). The government opposes the motion (ECF 62), and Helm has not replied. For the reasons explained below, the motion will be denied.

## BACKGROUND

On October 3, 2007, Helm pled guilty to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846(b)(1)(A). (ECF 19, Plea Agreement; ECF 23, Judgment). On December 20, 2007, the court sentenced Helm as a career offender to two-hundred-and-sixty-two months' imprisonment. (ECF 23). On November 21, 2019, the court reduced Helm's sentence to two-hundred-and-thirty-five months' imprisonment pursuant to the First Step Act. (ECF 55, Memorandum and Order; ECF 56, Amended Judgment). Helm is now located at Terre Haute FCI in Terre Haute, Indiana.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See*

1

18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Helm requests compassionate release on the basis that his underlying health conditions place him at greater risk of serious illness related to COVID-19. The government does not contest that Helm's motion is properly before the court (ECF 62 at 3 n.2), and Helm has documented that the Warden of USP Allenwood, where he was then incarcerated, denied his request on June 4, 2020 (ECF 57-2 at 2). The only issues are (1) whether "extraordinary and compelling reasons" warrant reduction of Helm's sentence, and (2), if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor

2

child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As the Fourth Circuit has held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020).[1]

Helm argues that his medical conditions constitute an "extraordinary and compelling" reason to reduce his sentence. Specifically, he identifies "[a]sthma, tuberculosis, obesity, heart murmur, epilepsy, chronic sinusitis, severe allergies," and a lumbar decompression with a spinal fusion undertaken around August 2020. (ECF 57 at 5). These conditions are confirmed by his BOP medical records. (ECF 57-1, Medical Records, at 2-3, 6, 9) [2]

The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated June 15, 2022). The CDC distinguishes between those

---

[1] The court's independent discretion stems from the First Step Act of 2018, which, *inter alia*, amended 18 U.S.C. 3582(c) with the stated goal of "increasing the use and transparency of compassionate release." *See* First Step Act § 603(b), Pub. L. No. 115-391, 132 Stat. 5194; *see also McCoy*, 981 F.3d at 277-78 (explaining Policy Statement § 1B1.13's partial inconsistency with the First Step Act amendments to § 3582(c)).

[2] The court notes that, as of January 3, 2020, Helm has denied that his heart murmur has presented him with any complications in adulthood. (ECF 63, Medical Records, at 38). Additionally, Helm's tuberculosis appears to be latent and not the subject of any test or complaint since 2014, when he tested negative for active tuberculosis. (*Id.* at 7, 15).

conditions that are supported by "meta-analysis or systematic review" (e.g., cancer), those that are "suggestive of higher risk" and supported by observational studies (e.g., substance use disorders), and those that are supported only by "mixed evidence" (e.g., hypertension). *Id.* Of the conditions Helm listed in his motion, obesity, tuberculosis, and asthma (if moderate to severe) are among those conditions which meta-analysis or systemic review has confirmed increase one's risk of severe illness from a COVID-19 infection. The remaining conditions (heart murmur, epilepsy, chronic sinusitis, severe allergies) are not listed as underlying conditions that increase risk of severe illness from a COVID-19 infection. *Id.*

At this point in the course of the pandemic, with vaccinations widely offered through BOP facilities to all eligible inmates and policies in place designed to reduce spread within facilities, inmates with underlying conditions are not at the same risk of severe illness from infection as they once were. *See* Feb. 25, 2022, COVID-19 Vaccine Guidance, Federal Bureau of Prisons Clinical Guidance, https://www.bop.gov/resources/pdfs/covid_19_vaccine_guidance_v17.pdf [last visited July 13, 2022]. While neither party provides records indicating whether Helm has been offered or accepted COVID-19 vaccination, Helm has already contracted a mild case of COVID-19 in November 2020, conferring some degree of immunity to future infection, however minor. (ECF 63 at 18, 34, 35).

Regardless, Helm's three underlying conditions, independently and together, place him at a higher risk of severe illness were he to become reinfected with COVID-19. Thus, while BOP has taken measures to reduce the spread of COVID-19, Helm's underlying health conditions of obesity, asthma, and latent tuberculosis[3] place him at greater risk of serious illness related to COVID-19 and constitute an extraordinary and compelling reason for compassionate release.

---

[3] The CDC fails to specify whether *latent*, rather than active, tuberculosis places individuals at a higher risk of severe illness as a result of becoming infected by COVID-19. *Underlying Medical Conditions*, CDC,

4

The compassionate release statute, however, provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." See 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting relief based on Helm's history and characteristics and the court's conclusion that Helm remains a danger to the community. See § 3553(a)(1), (2)(B-C). When the court granted Helm's motion for sentence reduction under the First Step Act in 2019, it conducted an analysis of the 3553(a) factors, and noted:

> First, the nature and circumstances of the offense are quite serious, given the quantity of drugs involved (between 500 grams and 1.5 kilograms) and the fact a firearm was involved. Second, Helm has a lengthy criminal history (Category VI), including assaults and resisting arrest in addition to drug offenses. Third, his post-offense conduct is mixed. On the one hand, it appears he has taken advantage of multiple programs within the BOP and has attempted to make realistic re-entry plans. On the other hand, he has a number of disciplinary infractions, some as recent as 2017, which involve assaults or fighting. It appears there is still some need for deterrence as to Helm and protection of the public.

ECF No. 55 at 1-2.

This analysis has not changed materially since 2019. While the court commends Helm's efforts to rehabilitate himself through substantial coursework while incarcerated (ECF 57-3, Ex. 3, Inmate Transcript), his history of repeated violent conduct, both in and out of BOP custody, weighs significantly against early release. Accordingly, the court finds that Helm is not an appropriate candidate for compassionate release.

## CONCLUSION

---

https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html. Given Helm's asthma and obesity place him at higher risk of serious illness upon reinfection, the court need not determine whether his tuberculosis diagnosis alone is an extraordinary and compelling reason warranting relief.

5

For the reasons explained above, Helm's motion for compassionate release will be denied. The government's motion to seal will be granted to protect the confidentiality of personal medical information. A separate order follows.

_7/20/22_
Date

_CCB_
Catherine C. Blake
United States District Judge